**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Gustavo Adolfo CHINCHILLA–**
**COMELLY, Defendant–**
**Appellant.**

**No. 10–41336**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

Renata Ann Gowie, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Gustavo Adolfo Chinchilla–Comelly pleaded guilty without the benefit of a plea agreement to reentry of a deported alien following an aggravated felony and was sentenced to 60 months in prison and three years of supervised release. The district court's written judgment required: "With-

---

in 72 hours of being placed on supervised release or upon completion of the custody sentence, the defendant shall surrender to a duly authorized immigration official." Chinchilla–Comelly maintains that because the court did not impose this condition orally at sentencing, the written judgment should be amended to conform to the court's oral pronouncement.

Because Chinchilla–Comelly had no opportunity at sentencing to challenge the subsequent inclusion of the condition in the written judgment, we review the court's imposition of the condition for abuse of discretion. *See, e.g., United States v. Bigelow,* 462 F.3d 378, 381 (5th Cir.2006). "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Torres–Aguilar,* 352 F.3d 934, 935 (5th Cir.2003). "[T]he judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." *Id.* at 938. On the other hand, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *Id.* at 936 (citation and internal quotation marks omitted).

As Chinchilla–Comelly contends, the condition imposed by the district court in the written judgment is not listed among the standard conditions of supervised release found either in U.S.S.G. § 5D1.3(c) or the relevant portion of the Southern District of Texas's General Order No. H–1996–10. Furthermore, the condition does not comport with the recommended special condition of supervised release ordering deportation in § 5D1.3(d)(6). Thus, the imposition of this special condition in the written judgment, but not orally pronounced at sentencing, constituted an abuse of discretion.

AFFIRMED in part; VACATED in part; and REMANDED for amendment of the written judgment consistent with this opinion.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be